## SHARPE v. WOMACK.
### No. 4405.

Court of Civil Appeals of Texas. Texarkana.
May 9, 1934.

Rehearing Denied May 31, 1934.

Lennox & Lennox, of Clarksville, for appellant.

Moore & Moore, of Paris, and Tom L. Beauchamp, of Tyler, for appellee.

SELLERS, Justice.

In 1915 there were three tracts of land, known on this appeal as the Lyle, the Fryar, and the Nations tracts of land, the name of each tract representing the name of the owner of the land at the time. The Lyle and the Fryar tracts are a part of the Eastern Tinnin survey, and the Nations tract is a part of the J. H. Williams survey, both surveys located in Lamar county. These three tracts lie parallel with each other and all had as their northern boundary at the beginning of 1915, Red river. The Fryar tract lay between the other two tracts, with the Lyle tract on its west side and the Nations tract on its east side. In the year 1915 Red river had a tremendous overflow, and, when the overflow subsided, it was found that Red river had changed its channel to a position something like a mile farther north from its channel prior to the overflow. The south bank of the old river bed along the north side of the three tracts of land is a high bluff, ranging from fifteen to twenty-five feet (referred to on this appeal as the cut bank). Between this high bluff and the present channel of the river and immediately north of the three tracts of land there are now located several hundred acres of land which constitute the subject-matter involved in this lawsuit. After 1915 J. R. Sharpe purchased the Lyle tract of land from the owners of it at the time the river changed its channel, and the description of the land as contained in his deed was as follows:

"In Lamar County, Texas, a part of the L. W. Tinnin Hd. Rt. Survey about 20 miles N. E. from Paris, Texas, and more particularly described as follows:

"Begins at the N. W. corner of 2650 acre tract conveyed to Nancy E. Mebane by S. R. Mebane by deed recorded in Book R, Vol. 1, pages 50 and 51 of Lamar Co. Deed records a stake in the South Bank of Red River from which a large Walnut tree brs. S. 25 poles. Thence South 627 poles a stake in the S. B. line of the L. W. Tinnin Hd. Rt. Survey, the same being the S. W. corner of the 650 acre tract above referred to. Thence East with the S. B. line of said 650 acre tract 51-1/8 poles a stake. Thence North 669-1/8 poles a stake in the South Bank of Red River. Thence up said River with its meanderings to the place of beginning, containing 206½ acres of land and being the same land allotted to Josiah Davis in the partition of the estate of Nancy E. Long, etc."

Sharpe also purchased, after the change of the river channel, the Fryar tract of land from the owners of the tract at the time the river changed its channel, and the description of the land contained in his deed to this tract is as follows:

"All that certain tract or parcel of land situated in the County of Lamar and State of Texas and described as follows: A part of the L. W. Tinnin Eastern Survey, being a

part of 442 acre tract of land deeded to J. H. Arnstrong by E. Dickerson and wife:

"Beginning at the N. E. corner of the original Survey. Thence South with the E. B. line of the same and the W. B. line of the J. H. Williams Survey 2454 varas to the N. E. corner of a 200 acre tract of land set apart to J. A. Armstrong et al. Thence West with the N. B. line of same 600 varas to the W. B. line of the said 445 acres. Thence North with same 2173 varas to a stake on the Bank of Red River. Thence down Red River with its meanders to the place of beginning, containing 245 acres, more or less."

After acquiring the deed to the above two tracts, Sharpe brought suit against H. M. Womack in trespass to try title, and in the petition described all the land lying between the south bank of the old river and the present channel of the river lying immediately north of both the Lyle and Fryar tracts, and also alleged specially that the land described was accreted land to the Lyle and Fryar tracts then owned by him. The defendant, Womack, answered by a general denial, plea of not guilty, and also pleaded the three, five, and ten years' statutes of limitation. On a trial of the case before a jury, the court instructed a verdict in favor of the defendant and entered judgment that the plaintiff, Sharpe, take nothing by virtue of his suit and that the defendant have title to the land involved. From this judgment no appeal was taken by the plaintiff, Sharpe.

After this judgment above mentioned was rendered, Sharpe obtained another deed to the Lyle tract of land from the same grantors as in the former original deed, in which later deed the land is described so as to expressly call for all the land lying north of the Lyle tract between the old channel of the river and the present channel; and he also secured a like deed from his grantors to the Fryar tract of land. On January 28, 1930, J. R. Sharpe purchased the Nations tract of land and his grantors were the owners of the tract at the time of the change of the river channel in 1915, and the field notes in the deed to Sharpe from Nations called for Red river as the north boundary of that tract of land.

J. R. Sharpe brought this action in trespass to try title against H. M. Womack seeking to recover all three tracts of land and describing the land so as to make the present channel of Red river the north boundary of the three tracts.

The defendant, H. M. Womack, in his answer disclaims title to all of the land lying south of the south bank of the old channel of Red river; and, as to the remainder of the land claimed by the plaintiff, the defendant answered by general denial, plea of not guilty, limitation of three, five, and ten years, and also pleaded the judgment in the former suit as res adjudicata, and as an estoppel as far as the present suit sought to recover the same land involved in the former suit, which was all the land lying between the old channel of the river and the present channel of the river immediately north of the Lyle and Fryar tracts.

Plaintiff by supplemental petition has alleged in answer to defendant's plea of res adjudicata and estoppel that he was not the owner of the land immediately north of the Lyle and Fryar tracts which was involved in the first suit at the time the first suit was filed and tried, but that he afterwards acquired the title by second deeds from his original grantors, which deeds by specific calls included the land here involved. And he further alleged that all the land north of the old south bank of Red river was accreted land to the main body of the three tracts lying south of the south bank of the old river channel and was conveyed to him by his grantors.

The case was tried before the court without aid of a jury, and the court, after hearing the pleadings, evidence, and argument of counsel, entered judgment sustaining the defendant's plea of res adjudicata and entered judgment for the plaintiff on defendant's disclaimer of all that part of the three tracts of land lying south of the south bank of the old channel of Red river, and judgment for the defendant for all that part of the three tracts sued for by plaintiff lying north of the south bank of the old channel of Red river and extending to its present channel. From this judgment the plaintiff has duly prosecuted this appeal.

Appellant's only claim of title to the land lying north of the south bank of the old channel of Red river is dependent upon his establishing as a fact that such land is accreted land to the three tracts of land owned by him lying south of the south bank of the old river channel. And this identical question, in so far as the accretions to the Fryar and the Lyle tracts are concerned, was involved in the former suit between appellant and appellee, which judgment in the former suit is set up as res adjudicata of the question in this trial, and the trial court sustained such plea. Appellant contends on this appeal that he did not have title to any accreted lands involved in the first suit, but has since the entry of that judgment acquired the title to such land and that this present suit is based upon

his after-acquired title. This contention of appellant is predicated upon the theory that his first deeds from his grantors for the Lyle and the Fryar tracts did not include the accreted land, if any there was, to such tracts. But the title to such tracts was acquired by him from his original grantors by the second deeds wherein the field notes expressly included all the accreted land. It is at once apparent that the question of whether the former judgment is res adjudicata of the title sought to be adjudicated in the present action is dependent upon the construction to be given the first deeds to appellant to the Lyle and the Fryar tracts. If these deeds conveyed the accretions, if any there was, to such tracts of land, then the trial court was correct in sustaining appellee's plea of res adjudicata in so far as the title to this portion of the land involved is concerned.

■ We are of the opinion that the appellant acquired by his first deeds to the Lyle and the Fryar tracts whatever right his grantors had in the land here involved by virtue of such land being accreted land to the Lyle and the Fryar tracts. It will be observed that the original conveyances of these two tracts to appellant by his grantors make no reservation of any interest whatever in the land claimed as accretions, and the general rule recognized by this court seems to be that accretions to a tract of land pass with a conveyance of the uplands as an incident or appurtenance unless a contrary intention appears in the deed. Graham et al. v. Knight et al. (Tex. Civ. App.) 240 S. W. 981. There was no exception, reservation, or exclusion from sale of accreted land. The description of the land conveyed by these two original deeds to appellant are definite and not ambiguous or uncertain, and therefore parol evidence cannot be allowed to vary the legal import of the words used so as to show an intention of limitation or reservation by the grantor to convey only to the south bank of the old channel of the river rather than to the waters of the river as it existed at the time the deeds were executed. Muller v. Landa, 31 Tex. 265, 98 Am. Dec. 529. It follows that, if the land involved was accretions to the Lyle and the Fryar tracts, the title to such land passed to appellant by the original conveyances from his grantors and he acquired nothing by his subsequent conveyances from the same grantors and appellee's plea of res adjudicata was properly sustained by the trial court.

■ As to the Nations tract, we are of the opinion that the appellant has failed to make out a case from the evidence adduced on the trial entitling him to recover title to this land in that there is no deed in the record to Nations, the grantor of this tract, to appellant, and without this deed it cannot be determined whether the appellant's grantors owned the accreted lands to such tract, if in fact there were such accretions, a question we deem unnecessary to determine. The right to accretions, and the right to hold or claim the accretions rested upon such deed. While appellee agreed on the trial that appellant had title to the Nations tract lying south of the south bank of the old channel, such agreement may not be construed to go further and include the right on the part of Nations to claim the accreted lands to such tract, since such right would depend entirely upon the conveyance to Nations when he acquired the tract of land.

There are a number of other contentions made on this appeal, but the view taken renders them unnecessary to be passed upon.

The judgment of the trial court is affirmed.